UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――

| | |
|---|---|
| SHENZHEN ZONGHENG DOMAIN NETWORK CO., LTD., <br><br> Petitioner, <br><br> -against- <br><br> AMAZON.COM SERVICES LLC, and AMAZON.COM, INC., <br><br> Respondents. | Case No. 23-cv-03334 (JLR) <br><br> **OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Petitioner, Shenzhen Zongheng Domain Network Co., Ltd., filed an action in New York state court seeking to vacate an arbitration award in favor of Respondents Amazon.com Services LLC and Amazon.com, Inc. (collectively, "Amazon" or "Respondents"). *See generally* ECF No. 1-1 at 4-18[1] ("Petition" or "Pet"). Respondents subsequently removed the case to this Court. ECF No. 1 ("Removal Notice"). Petitioner moves to remand the case to state court because the Court lacks subject-matter jurisdiction. *See generally* ECF No. 9 ("Mot."). For the reasons stated below, the Court DENIES the motion to remand.[2]

## BACKGROUND

Petitioner, Shenzhen Zongheng Domain Network Co., Ltd., is a Chinese corporation with its principal place of business in China. Pet. ¶ 1. Respondent Amazon.com Services, LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington.

---

[1] For clarity, these page numbers refer to the ECF pagination.

[2] In order to enable the parties to prepare for the scheduled initial pretrial conference in this case, the Court denied this motion on July 20, 2023 by text order and advised the parties that it would provide the basis for its ruling at that conference. *See* ECF No. 19. Petitioner failed to appear for that conference, without explanation. This Order provides the basis for the Court's July 20, 2023 denial.

1

*Id.* ¶ 2.  Respondent Amazon.com is a Delaware corporation with its principal place of business in Seattle, Washington and is the parent of affiliated Amazon companies.  *Id.*

Petitioner became a third-party seller on Amazon.com in March 2017.  *Id.* ¶ 20.  To sell products on Amazon.com, Petitioner was required to agree to the terms and conditions set forth in Amazon's Business Solutions Agreement ("BSA").  *Id.*; *see also* ECF No. 1-1 at 56-97 ("BSA").  On June 19, 2021, Amazon accused Petitioner of manipulating customer reviews of Petitioner's products.  Pet*.* ¶ 22.  In response, Amazon deactivated Petitioner's seller accounts and seized Petitioner's entire sales proceeds of $507,618.92.  *Id.* ¶¶ 22, 26.  Petitioner appealed to Amazon directly; on September 20, 2021 Amazon denied the appeal claiming that Petitioner 'had engaged in deceptive, fraudulent, or illegal activity."  *Id.* ¶¶ 23-24.  In April 2022, Petitioner and Amazon participated in a video interview to verify Petitioner's identity and supply chain.  *Id.* ¶ 25.  Notwithstanding this, Amazon did not return Petitioner's funds and continues to retain them.  *Id.*

Pursuant to the arbitration clause in the BSA, Petitioner filed an arbitration demand with the American Arbitration Association ("AAA") on November 30, 2021, seeking the release of its sales proceeds.  *Id.* ¶ 29.  On January 23, 2023, the arbitrator denied Petitioner's claims and allowed Amazon to keep Petitioner's funds (the "Zongheng Arbitration")*.*  *Id.* ¶ 30.

Petitioner filed a petition to vacate the award of the arbitrator in New York Supreme Court, New York County on March 21, 2023.  *See generally* Pet.  The Petition alleges one cause of action: Vacation of Arbitration Award (Count 1).  *Id.* ¶¶ 34-36.  Petitioner argues the arbitration award in favor of Respondents should be vacated for the following reasons: the arbitrator acted with partiality and committed misconduct; the arbitrator rendered an award that disregarded the law; and the arbitrator exceeded his power.  *Id.* ¶ 32.  Petitioner asks for an

order: (1) vacating the arbitration award entered in the arbitration captioned *Shenzhen Zongheng Domain Network CO., LTD. v. Amazon.com Services, LLC, et al.*, ICDR Case No. 01-21-0017-5962; (2) declaring that Section 2 of the BSA is procedurally and substantively unconscionable, an invalid liquidated damages clause, and an unenforceable penalty clause; (3) ordering Amazon to release the entire sales proceeds in the seller account as of the time the account was blocked on June 19, 2021 ($507,618.92), plus monthly interest at the rate of 5.420 percent via Petitioner's attorney's escrow account, within 15 days of the issuance of court rulings; (4) ordering Amazon to refund Petitioner's prior six-month period of payments to Amazon as compensation for losses for improper account blocking; (5) reimbursing Petitioner's arbitration and petition costs of approximately $40,000, and $80,000 in attorney's fees, which were caused by Amazon's improper sales proceeds confiscation; and (6) granting such other and further relief as the court deems just and proper. *Id.* ¶ 37.

Respondents removed the action to this Court on April 20, 2023. *See* Notice of Removal. Respondents removed on the basis that this Court has subject matter jurisdiction because the action arises under federal law and because the parties are completely diverse with an amount in controversy exceeding $75,000. *See generally id.* ¶¶ 4-14. Petitioner filed a motion to remand on May 8, 2023. Mot.; ECF No. 10 ("Mem. of Law"). Respondents filed their opposition brief on May 22, 2023. ECF No. 11 ("Opp."). Petitioner filed a reply brief on June 27, 2023. ECF No. 17 ("Reply").[3] Respondents filed a notice of supplemental authority on June 29, 2023. ECF No. 18.

---

[3] Petitioner's reply brief was several weeks late, and the Court does not consider it. Even if the Court were to consider the arguments made in that brief, it would not change any of the conclusions in this opinion because Petitioner simply repeated arguments from its Memorandum of Law. The only new argument was that 9 U.S.C. § 205 does not provide subject matter

3

**LEGAL STANDARD**

"An action filed in state court may be properly removed by a defendant to federal court in 'any civil action . . . of which the district courts of the United States have original jurisdiction.'" *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (quoting 28 U.S.C. § 1441(a)).  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A federal court has an obligation "to satisfy [itself] of [its] jurisdiction . . . ." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 121 (2d Cir. 2007).  "The defendant, as the party seeking removal and asserting federal jurisdiction, bears the burden of demonstrating that the district court has original jurisdiction." *McCulloch Orthopaedic Surgical Servs., PLLC*, 857 F.3d at 145; *see Backer v. Coop. Rabobank U.A.*, 338 F. Supp. 3d 222, 231 (S.D.N.Y. 2018) ("The party seeking to preserve removal has the burden of proving that subject matter jurisdiction exists." (internal citation omitted)).  "Any doubts regarding the propriety of removal are resolved in favor of remand, and 'federal courts construe the removal statute narrowly.'" *Anwar v. Fairfield Greenwich Ltd.*, 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

**DISCUSSION**

Petitioner argues that this Court lacks subject matter jurisdiction because there is no federal question or diversity jurisdiction and, accordingly, the action should be remanded to state court. *See generally* Mem. of Law.  According to Petitioner, there is no federal question jurisdiction because the claimant in the Zongheng Arbitration asserts claims only under domestic

---

jurisdiction.  This argument is irrelevant as no one has argued that this is the basis for the Court's jurisdiction.

4

laws and rules, and an American arbitrator appointed by the AAA issued the arbitration award. *See id.* ¶¶ 16-18.  With respect to diversity jurisdiction, Petitioner argues that the petition to vacate the arbitration fails to meet the $75,000 amount in controversy threshold because the amount awarded in the underlying arbitration was $0.  *See id.* ¶¶ 19-23.  The Court disagrees on both grounds and finds that it has subject matter jurisdiction over this action.

I. **Federal Question Jurisdiction**

Federal courts have original jurisdiction over cases arising under federal substantive law. *See* 28 U.S.C. § 1331.  "The [Federal Arbitration Act ("FAA")] creates a body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes." *Schorr v. Am. Arb. Ass'n*, 583 F. Supp. 3d 608, 614 (S.D.N.Y. 2022).  However, "[t]he FAA does not 'independently confer subject matter jurisdiction on the federal courts . . . . [t]here must be an independent basis of jurisdiction before a district court may entertain petitions' to confirm or vacate an award under the FAA." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (quoting *Durant, Nichols, Houston. Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009)).

Here, Respondents argue that the Petition is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention") because Petitioner is a foreign corporation.  Opp. at 5-6.  Because "Chapter 2 of the [FAA] confers subject matter jurisdiction over actions to confirm or vacate arbitration awards governed by the New York Convention," Respondents argue that there is federal question subject matter jurisdiction here.  *Id.* at 1 (citing to 9 U.S.C. § 203).  Section 203 states: "[a]n action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States."  Courts in this circuit have consistently held that 9 U.S.C. § 203

vests federal courts with jurisdiction over actions brought under the New York Convention. *See Scandinavian Reinsurance Co.*, 668 F.3d at 71 (concluding that "the district court had subject-matter jurisdiction under 9 U.S.C. § 203 . . . over actions to confirm or vacate an arbitral award that is governed by the [New York] Convention"); *Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 102-03 (2d Cir. 2006) ("Solé then brought this action in the Southern District of New York to vacate the award . . . . The [New York Convention] governs this dispute and provides federal subject matter jurisdiction. 9 U.S.C. § 203.").

Whether an award falls under the New York Convention turns on 9 U.S.C. § 202. *See Seed Holdings, Inc. v. Jiffy Int'l AS*, 5 F. Supp. 3d 565, 575 (S.D.N.Y. 2014). 9 U.S.C. § 202 states:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the [New York] Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the [New York] Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.

The Second Circuit has established a four-pronged test to determine whether the New York Convention applies: "(1) there must be a written agreement; (2) it must provide for arbitration in the territory of a signatory of the convention; (3) the subject matter must be commercial; and (4) it cannot be entirely domestic in scope." *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 92 (2d Cir. 1999).

Petitioner does not dispute that the first three prongs of this test are satisfied. *See generally* Mem. of Law. Instead, the heart of the dispute is whether the fourth prong has been met, i.e., whether the dispute is "entirely domestic." *Id.* ¶¶ 16-18. Arbitral awards are

6

considered "entirely domestic" when (1) "both parties are citizens of the United States" and (2) "the legal relationship giving rise to the arbitration 'involves neither property located abroad, nor envisages performance or enforcement abroad, nor has some other reasonable relation with one or more foreign states.'" *Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 159 n.14 (2d Cir. 2021) (alternations adopted and internal citations omitted). Courts in this district have consistently held that if one party is a foreign citizen, the arbitration agreement is not "entirely domestic" and therefore, the dispute falls under the New York Convention. *See Scandinavian Reinsurance Co.*, 668 F.3d at 71 (applying the New York Convention because the petitioner was "a foreign corporation"); *Pike v. Freeman*, 266 F.3d 78, 85 n.4 (2d Cir. 2001) (concluding that the district court correctly decided not to remand proceeding to state court because the New York Convention applied since three parties were located in the Cayman Islands); *Jiakeshu Tech. Ltd. v. Amazon.com Servs., LLC*, 22-cv-10119 (RA), 2023 WL 4106275, at *3 (S.D.N.Y. June 21, 2023) (collecting cases). It is clear that this case is not "entirely domestic" because Petitioner is a Chinese company with its principal place of business in China. Pet. ¶ 1. This finding is in accord with *Jiakeshu Technology Ltd.*, which reached the same conclusion with regard to a plaintiff who was a Hong Kong corporation with a principal place of business in China. 2023 WL 4106275 at *3-4.

The Court next rejects Petitioner's argument that this Court lacks jurisdiction because the New York Supreme Court has jurisdiction over arbitration actions that take place in New York. Mem. of Law ¶¶ 11-14. The fact that another court may have jurisdiction does not deprive this Court of jurisdiction. Rather, the presumption is that state courts have concurrent jurisdiction with federal courts. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477-78 (1981) ("The general principle of state-court jurisdiction over cases arising under federal laws is

straightforward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication.").

Petitioner next argues that the Court should remand this action because the Supreme Court in *Badgerow v. Walters, et al.*, 142 S. Ct. 1310 (2022) held that courts should not "look through" the petition to vacate arbitration to the underlying arbitration action in order to determine whether the Court has subject matter jurisdiction. Mem. of Law ¶¶ 24-26 (citing *Badgerow*, 142 S. Ct. 1310). *Badgerow* does not impact this removal petition. Here, the Court can determine from the face of the Petition itself that it has subject matter jurisdiction because the dispute is "nondomestic." *See Badgerow*, 142 S. Ct. at 1316. The face of the Petition shows that the arbitration falls under the New York Convention, and therefore Chapter 2 of the FAA provides subject matter jurisdiction. Other courts have reached the same conclusion post-*Badgerow*. *See, e.g.*, *Jiakeshu Technology Ltd.*, 2023 WL 4106275 at *3-4; *Aperture Media Partners LLC v. Burmester, Duncker & Joly GmbH & Co. KG*, No. 21-cv-04801 (FMO) (AFMx), 2022 U.S. Dist. LEXIS 181029, *8 n.5 (C.D. Cal. Sept. 30, 2022) (recognizing that 9 U.S.C. § 203 provides an "independent jurisdictional basis" under *Badgerow*).

Petitioner incorrectly claims that jurisdiction is not apparent from the face of the Petition because there is no connection to a "foreign legal framework." Mem. of Law ¶¶ 27-28. The Second Circuit has made clear that the New York Convention applies to "nondomestic" awards. *Beijing Shougang Mining Inv. Co.*, 11 F.4th at 159. Nondomestic awards are awards that are "pronounced in accordance with foreign law or which involve parties domiciled or having their principal place of business outside the enforcing jurisdiction." *Id.* at 159 (quoting *Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 932 (2d Cir. 1983)) (alterations adopted and emphasis

added); *see also CBF Industria de Gusa v. AMCI Holdings, Inc.*, 850 F. 3d 58, 73 (2d Cir. 2017) (stating that arbitral awards that are "decided under the laws of the United States but involve[] . . . entities that are not U.S. citizens" fall under the New York Convention). Petitioner cites to *Beijing*, but incorrectly defines "nondomestic" as having a connection with a foreign lawsuit, ignoring the disjunctive language in the definition of nondomestic. Mem. of Law ¶ 27. Thus, Petitioner's argument that a connection to a foreign legal framework is required has no merit.

Accordingly, the Court finds that federal question jurisdiction exists because the action to vacate the arbitral award is governed by the New York Convention; therefore, removal on that basis was proper and the case should not be remanded.

## II.    Diversity Jurisdiction

Diversity jurisdiction is also present here. In *Badgerow*, the Supreme Court stated that in determining whether an action brought under Section 9 or 10 has an independent jurisdictional basis, a court can look to the face of the petition itself and "[i]f it shows that the contending parties are citizens of different States (with over $75,000 in dispute), then § 1332(a) gives the court diversity jurisdiction." *Badgerow*, 142 S. Ct. at 1316.

Respondents argue that this Court has diversity jurisdiction here pursuant to 28 USC § 1332(a)(2) because the parties are entirely diverse, and Petitioner seeks monetary damages of over $500,000 in addition to attorney's fees and arbitration and petition costs. *See* Notice of Removal ¶ 9; Opp at 9-14. "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(2). Looking first to diversity of citizenship, the parties here are citizens of different states and are completely diverse. Petitioner, Shenzhen Zongheng Domain Network Co., LTD., is a Chinese

corporation with its principal place of business in China. Pet. ¶ 1. Amazon.com Services, LLC is a limited liability company organized under the laws of Delaware and having its principal place of business in the State of Washington. *Id.* ¶ 2. The citizenship of a limited liability company ("LLC") for purposes of determining diversity jurisdiction is the citizenship of all of the members of the LLC. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). The sole member of Amazon.com Services, LLC is Amazon.com Sales, Inc., which is a Delaware corporation having its principal place of business in the State of Washington. ECF No. 3 at 2. Amazon.com Sales, Inc., is wholly owned by Amazon.com, Inc., a Delaware corporation having its principal place of business in the State of Washington. *Id.*; Pet. ¶ 2. Thus, Amazon.com, Inc., is a citizen of both Delaware and Washington, and, given the citizenship of Petitioner in China, the face of the Petition demonstrates that the parties are completely diverse. Petitioner does not dispute this.

Instead, Petitioner argues that the amount in controversy is not over $75,000 because the Court should determine the amount in controversy using the prevailing "award approach" and Petitioner was awarded $0. Mem. of Law ¶¶ 10c, 19-23. The Court does not agree that a sufficient amount in controversy is lacking here. "The Second Circuit has not addressed explicitly the proper approach for determining the amount-in-controversy in proceedings to confirm or vacate arbitration awards." *Nakakuki v. Bello*, 19-cv-06160 (PAE) (BCM), 2020 WL 1529441, at *2 (S.D.N.Y. Mar. 31, 2020). Instead, in this circuit, courts have followed two approaches: (1) looking to "the value of the relief requested in the complaint in the underlying arbitration," referred to as the "demand" approach, or (2) looking to "the value of the arbitration award," referred to as the "award" approach. *Id.* (quoting *N. Am. Thought Combine, Inc. v. Kelly*, 249 F. Supp. 2d 283, 285 (S.D.N.Y. 2003)); *Erdheim v. Harris*, 18-cv-08601 (LGS), 2019

WL 3219385, at *2 (S.D.N.Y. July 17, 2019) ("Courts in this district have followed two approaches: the 'demand' approach and 'award' approach.").

Under the demand approach, the courts look to the amount in controversy of the underlying arbitration. *Nakakuki*, 2020 WL 1529441, at *2. In the arbitration, Petitioner requested relief of $507,618.92 in damages, ordering "Amazon to release the entire sales proceeds in the seller account at the account blocking time" and requesting "Amazon to refund Petitioner's prior six-month period payment to Amazon as compensation for losses for improper account blocking." Pet. ¶ 37c-d. Petitioner therefore requests more than $500,000 in relief, far exceeding the $75,000 threshold for establishing diversity jurisdiction.

Petitioner argues that the Supreme Court's decision in *Badgerow* prohibits this Court from using the "demand" approach to determine the amount in controversy because courts cannot "look-through" the Petition to the underlying arbitration. Mem. of Law ¶¶ 21-23. The Court need not decide this issue because under the award approach the amount in controversy is also satisfied. In *Rising Star Inc. v. Amazon.com, Inc.*, 23-cv-00778 (CM), 2023 WL 3597617 (S.D.N.Y. May 23, 2023), with facts very similar to those asserted here, the court held that the arbitrator's holding that the vendor had breached the BSA and "Amazon could retain the withheld funds is effectively an award to Amazon" in the amount of the withheld funds. *Id*. at *4. Thus, the amount in controversy was met notwithstanding an award of $0 to the vendor who brought the arbitration against Amazon seeking the amount of the withheld funds. *Id*. Similarly, here, the arbitrator ultimately found that Petitioner had breached the BSA and therefore Amazon was entitled to keep the $507,618.92. Pet. ¶¶ 30, 36b. Therefore, the face of the Petition establishes that the award in this case is over $75,000 and satisfies the amount in controversy requirement.

Accordingly, the Court finds that it has diversity jurisdiction over the Petition.[4]

## CONCLUSION

For the reasons stated above, Petitioner's motion to remand is DENIED.

Dated: August 4, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

---

[4] Petitioner also contends that where federal jurisdiction on removal is doubtful, the action should be remanded, citing to *Pan Atlantic Group v. Republic Insurance Co.*, 878 F. Supp. 630 (S.D.N.Y. 1995). Mem. of Law ¶ 33. Given the foregoing analysis, there is no legitimate doubt as to removability here; therefore, there is no reason to remand to state court.