UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SHENZHEN ZONGHENG DOMAIN NETWORK CO., LTD.,

                    Petitioner,

-against-

AMAZON.COM SERVICES LLC and AMAZON.COM, INC.,

                    Respondents.

Case No. 23-cv-03334 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Shenzhen Zongheng Domain Network Co., Ltd. ("Petitioner") filed a petition in New York state court to vacate an arbitration award in favor of Respondents Amazon.com Services LLC and Amazon.com, Inc. (collectively, "Amazon" or "Respondents") that was timely removed to this Court. *See generally* ECF No. 1-1 ("Petition" or "Pet."). This Court denied Petitioner's motion to remand. ECF No. 28. Petitioner now moves to vacate the arbitration award that was entered in favor of Amazon. ECF No. 26 ("Am. Mot. to Vacate"). Amazon opposes this motion and filed a cross-motion to confirm the arbitration award. ECF No. 29 ("Mot. to Confirm"). For the reasons stated below, the Court DENIES the petition to vacate the arbitration award and GRANTS the cross-motion to confirm the award.

**BACKGROUND**[1]

    **A. The Business Services Agreement**

      Petitioner Shenzhen Zongheng Domain Network Co., Ltd., a Chinese corporation, was a

---

[1] The facts are drawn from the Petition, and the Declaration of John M. Magliery in Opposition to the Motion to Vacate the Arbitration Award and in Support of the Cross-Motion to Confirm the Arbitration Award and supporting exhibits. ECF No. 30 ("Magliery Decl."), ECF Nos. 30-1 to 30-17 ("Exs.").

1

third-party seller on Amazon.com in March 2017.  Pet. ¶¶ 1, 20.  To sell products on Amazon.com, Petitioner was required to, and did, agree to the terms and conditions set forth in Amazon's Business Solutions Agreement ("BSA").  *Id.* ¶ 20; *see also id.* at 56-97 ("BSA").

The BSA requires sellers on the Amazon platform to use their authorized names and to ensure that information provided "at all times remains accurate, complete, and valid."  BSA § 2.  The agreement also provides that Amazon "may at any time require [the seller] to provide any financial, business or personal information [Amazon may] request to verify [the seller's] identity."  *Id.* § P-4.

The BSA incorporates the Customer Product Reviews Policies, which forbid sellers from offering "a third party a financial award, discount, free products, or other compensation, in exchange for a review on their product or their competitor's products."  Magliery Decl., Ex. D at 1-2; BSA at 14 (incorporating all "Program Policies").  The Customer Product Reviews Policies also prohibit sellers from inserting "a positive Amazon review or an incentive in exchange for a review into product packaging or shipping box."  Magliery Decl., Ex. D at 2.  Amazon has a "zero-tolerance policy" for customer review violations, and, if there are any attempts to manipulate customer reviews, reserves its right to take immediate action, including but not limited to "[i]mmediate and permanent withdrawal of the seller's selling privileges on Amazon and withholding of funds."  *Id.*

Section 2 of the BSA permits Amazon to withhold payments to sellers if there has been any fraudulent activity.  It states in boldface type: "If we determine that your account . . . has been used to engage in deceptive, fraudulent, or illegal activity . . . , or to repeatedly violate our Program Policies, then we may in our sole discretion permanently withhold any payments to you."  BSA § 2.

Section 3 of the BSA also authorizes Amazon to terminate the agreement and a seller's account if Amazon determines that: "(a) [it has] materially breached the Agreement and failed to cure within 7 days of a cure notice . . . ; (b) [its] account has been, or our controls identify that it may be used for deceptive or fraudulent, or illegal activity; or (c) [its] use of the Services has harmed, or our controls identify that it might harm, other sellers, customers, or Amazon's legitimate interests." *Id.* § 3.

The BSA also contains an arbitration clause, in boldface type, where Amazon and the seller agree that "any dispute with Amazon or its Affiliates or claim relating in any way to this Agreement or your use of the Services will be resolved by binding arbitration as described in this paragraph, rather than in court." *Id.* § 18 (emphasis omitted). Arbitrations shall be conducted under the BSA using the commercial rules of the American Arbitration Association ("AAA"). *Id.* Finally, the BSA provides that it is governed by Washington state law and the Federal Arbitration Act. *Id.* at 13.

### B. The Underlying Dispute and Arbitration

Petitioner asserts that on June 19, 2021, Amazon accused Petitioner of manipulating customer reviews of Petitioner's products. Pet. ¶ 22. In response, Amazon deactivated Petitioner's seller accounts and seized Petitioner's sale proceeds. *Id.* ¶¶ 22, 26. Petitioner appealed to Amazon directly, *see id.* ¶ 23, but on September 20, 2021, Amazon denied the appeal claiming that Petitioner "had engaged in deceptive, fraudulent, or illegal activity," *id.* ¶ 24.

Pursuant to the arbitration clause in the BSA, Petitioner filed an arbitration demand with the AAA on November 30, 2021, seeking the release of its sales proceeds. Pet. ¶ 29; Magliery Decl., Ex. E. The AAA appointed Judge Carol Heckman (ret.) as the Arbitrator. *See* Magliery Decl., Ex. F. The parties filed briefs and evidence and the Arbitrator issued her decision on January 23, 2023. *See* Magliery Decl., Ex. A ("Award").

The Arbitrator's Award details the facts alleged by Amazon leading up to the dispute. Amazon initially suspended Petitioner's account on March 23, 2020, claiming that Petitioner had not provided accurate and complete information on the parties operating the account and engaged in review abuse by placing inserts in its shipments and offering gift cards in exchange for positive reviews. Award at 3. Petitioner allegedly admitted to this conduct and Amazon reinstated the account after Petitioner promised to stop. *See id.* According to Amazon, Petitioner nevertheless continued its review abuse by acting under another storefront name, Horomas, and when Amazon discovered this, it suspended the Horomas account on March 28, 2021. *Id.* Again, a representative of Horomas admitted to Amazon that it had engaged in such conduct. *Id.* Amazon later suspended a third account under the control of Petitioner that sold the same products on May 27, 2021 and again a representative admitted to the conduct. *Id.* Petitioner's account at issue in the instant case was blocked on June 18, 2021 for abuse of product reviews. *Id.* at 4.

Amazon withheld over $524,000 in U.S. dollars and $8,000 in Canadian funds, representing about two weeks of Petitioner's funds awaiting disbursement. *Id.* As a condition to considering release of the funds, Amazon required that Petitioner pass an identify-verification interview. *Id.* Petitioner was invited to participate in the interview on April 20, 2022 and two individuals appeared. *Id.* According to Amazon, they failed to provide information to Amazon showing that they owned or operated Petitioner's account and Amazon refused to release the funds. *Id.* After deductions for refunds and inventory changes, Amazon ultimately retained $107,120.55 in U.S. dollars. *Id.* at 5.

Petitioner argued before the Arbitrator that it did not engage in any fraudulent behavior because the product manufacturer, not the Petitioner, had put the insert card soliciting reviews

4

into the packaging. *See id.* at 5-6. The Arbitrator disagreed, relying on a message from Petitioner that detailed the improper review solicitation, apologized, and promised not to repeat the conduct. *See id*. at 6. The Arbitrator also found convincing evidence that Petitioner used a false identity to mask the account's true operators, based on the identity interview and the deposition of Mr. Chen, Petitioner's ostensible owner. *Id.* at 7.

The Arbitrator also rejected Petitioner's argument that Section 2 of the BSA is an unlawful penalty rather than a proper liquidated damages clause. *Id.* She found that "the harm caused by a seller engaging in review abuse in Amazon's store is very difficult, if not impossible, to quantify" given that it damages Amazon's goodwill, brand, and reputation. *Id.* The Arbitrator also found that withholding the seller's most recent fourteen days of accrued proceeds is a reasonable approximation of damages and appropriate compensation that "is not procedurally or substantively unreasonable." *Id.*

The Arbitrator further rejected Petitioner's argument that she was collaterally estopped by or should otherwise follow other arbitration decisions submitted by Petitioner. *Id.* at 7-8. Not only were the facts not identical to those presented here, but the Arbitrator also found that Petitioner had ignored other arbitration decisions that did not support Petitioner's arguments. *Id.* at 7. Thus, the Arbitrator denied Petitioner's claims and allowed Amazon to keep Petitioner's funds. *Id.* at 8; Pet. ¶ 30.

**C. Procedural History**

Petitioner filed a petition to vacate the arbitration award in New York Supreme Court on March 21, 2023. *See generally* Pet. The Petition alleges one cause of action: Vacation of Arbitration Award (Count 1). *Id.* ¶¶ 34-36. Petitioner seeks an order: (1) vacating the arbitration award entered in the arbitration captioned *Shenzhen Zongheng Domain Network Co., LTD. v. Amazon.com Services, LLC, et al.*, ICDR Case No. 01-21-0017-5962; (2) declaring that Section 2

of the BSA is procedurally and substantively unconscionable as an invalid liquidated damages clause and unenforceable penalty clause; (3) ordering Amazon to release the entire sales proceeds held in the seller account as of the time the account was blocked on June 19, 2021 ($507,618.92), plus monthly interest at the rate of 5.42% via Petitioner's attorney's escrow account; (4) ordering Amazon to refund Petitioner's prior six-month period of payments to Amazon as compensation for losses for improper account blocking; (5) reimbursing Petitioner's arbitration and petition costs of approximately $40,000, and $80,000 in attorney's fees; and (6) granting such other and further relief as the court deems just and proper.  *Id.* ¶ 37.

Respondents removed the action to this Court on April 20, 2023.  *See* ECF No. 1-1 at 1-6.  After this Court denied Petitioner's motion to remand, Petitioner moved to vacate the arbitration award and Amazon cross-moved to confirm the award.  ECF Nos. 26, 29.  Petitioner filed its brief in support of its motion to vacate the arbitration award on August 1, 2023.  ECF No. 27 ("Pet. Br.").  Amazon filed its brief in opposition to the motion to vacate and in support of its motion to confirm the award on September 8, 2023.  ECF No. 31 ("Amazon Br.").  Petitioner then filed its memorandum of law in opposition to Amazon's cross-motion and in further support of its motion to vacate on September 14, 2023.  ECF No. 32 ("Pet. Reply").  Amazon filed its reply brief in support of its motion to confirm the arbitration award on September 22, 2023, ECF No. 33 ("Amazon Reply").  Amazon also filed two notices of supplemental authority.  *See* ECF Nos. 34-35.  The motions are now fully briefed before this Court.

## LEGAL STANDARD

The Court has already held that this action to vacate the arbitral award is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention").  *See Shenzhen Zongheng Domain Network Co. v. Amazon.com Servs. LLC*,

No. 23-cv-03334 (JLR), 2023 WL 4993662, at *4 (S.D.N.Y. Aug. 4, 2023).  Under the New York Convention, the Court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.  "Article V of the Convention specifies seven exclusive grounds upon which courts may refuse to recognize an award." *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005); *see Commodities & Mins. Enter. v. CVG Ferrominera Orinoco, C.A.*, 49 F. 4th 802, 809 n.4 (2d Cir. 2022) (listing the seven grounds). The party opposing enforcement of the award has the burden of proving that one of the seven defenses applies and the "burden is a heavy one, as 'the showing required to avoid summary confirmance is high.'" *Olin Holdings Ltd. v. Libya*, 73 F. 4th 92, 108 (2d Cir. 2023) (quoting *Encyclopedia Universalis*, 403 F.3d at 90).  Petitioner does not rely on any of these grounds.

If the award is entered in the United States, as here, the available grounds for vacating an award under the Federal Arbitration Act ("FAA") also apply.  *See Zurich Am. Ins. v. Team Tankers A.S.*, 811 F.3d 584, 588 (2d Cir. 2016).  Courts may vacate an arbitrator's award under the FAA "only in very unusual circumstances." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013) (citation omitted).  The grounds for vacating an arbitration award under Section 10(a) of the FAA are where: (1) "the award was procured by corruption, fraud, or undue means," (2) "there was evident partiality or corruption in the arbitrators, or either of them," (3) "the arbitrators were guilty of misconduct" or "any other misbehavior by which the rights of any party have been prejudiced," or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a).

The Second Circuit has recognized "a judicially-created" gloss to the grounds under

Section 10(a) and held that an arbitration award may be vacated when an arbitrator "has exhibited a manifest disregard of law." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011) (quoting *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 208 (2d Cir. 2002)).[2] To vacate an award on such a basis, the court must find "something beyond and different from mere error in the law or failure on the part of the arbitrators to understand or apply the law." *Id.* at 121 n.1 (quoting *Westerbeke Corp.,* 304 F.3d at 208). Rather, vacatur for manifest disregard of law requires that the court consider "first 'whether the governing law alleged to have been ignored by the arbitrators was well defined, explicit, and clearly applicable,' and, second, whether the arbitrator knew about 'the existence of a clearly governing legal principle but decided to ignore it or pay no attention to it.'" *Id.* (quoting *Westerbeke Corp.*, 304 F. 3d at 209). An arbitration award will not be vacated if there is "'a simple error in law or a failure by the arbitrators to understand or apply it' but only when a party clearly demonstrates 'that the panel intentionally defied the law.'" *See STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC,* 648 F.3d 68, 78 (2d Cir. 2011) (citation omitted).

With respect to confirming an arbitration award under the New York Convention, the

---

[2] In *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576, 588-89 (2008), the Supreme Court held that the FAA provided the sole statutory grounds for review of an arbitration decision. The Second Circuit later held that *Hall* did not "abrogate the 'manifest disregard' doctrine altogether." *Stolt-Nielsen SA v. AnimalFeeds Int'l Corp.*, 548 F. 3d 85, 95 (2d Cir. 2008), *rev'd and remanded on other grounds*, 559 U.S. 662 (2010). In reviewing that decision, the Supreme Court refrained from deciding "whether 'manifest disregard' survives our [*Hall*] decision . . . as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10." 559 U.S. at 672 n.3. Thus, manifest disregard of law remains a ground under which to seek vacatur of an arbitration award in the Second Circuit. *See Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021) ("We have held that 'as judicial gloss on the[] specific grounds for vacatur of arbitration awards' in the FAA, an arbitrator's 'manifest disregard' of the law or of the terms of the arbitration agreement 'remains a valid ground for vacating arbitration awards.'" (alteration in original) (quoting *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451-52 (2d Cir. 2011))).

Court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *Olin Holdings*, 73 F.4th at 108 (quoting 9 U.S.C. § 207). "Due to the parallel natures of a motion to vacate and a motion to confirm an arbitration award, denying the former implies granting the latter." *Shenzhen Lanteng Cyber Tech. Co. v. Amazon.com Servs., LLC*, No. 23-cv-00991 (GHW), 2023 WL 6276691, at *11 (S.D.N.Y. Sept. 26, 2023) (citation omitted).

## DISCUSSION

In its motion, Petitioner argues that the arbitration award should be vacated because: (1) the Arbitrator manifestly disregarded the law in finding Section 2 to be enforceable; (2) the Arbitrator's finding that Section 2 of the BSA is enforceable was "completely irrational;" and (3) enforcing Section 2 of the BSA violates the public policy of the state of Washington. *See generally* Pet. Br.[3] Petitioner further asserts that the arbitration clause of the BSA violates public policy. *Id.* Amazon opposes these grounds, asserts that Petitioner waived any challenges to the enforceability of the arbitration agreement, and contends that the award should conversely be confirmed. *See* Amazon Br. at 12-18. The Court addresses each argument in turn.

---

[3] In moving to vacate the Award, Petitioner initially relies on N.Y. C.P.L.R. Section 7511 and New York legal standards for vacatur. *See* Pet. Br. at 6. However, as this Court has already held, the New York Convention and the FAA govern this action because Petitioner is a Chinese company with its principal place of business in China. *See Shenzhen Zongheng*, 2023 WL 4993662, at *3; *O'Connor-Roche v. RBC Cap. Mkts., LLC*, No. 22-cv-01467 (LLS), 2022 WL 17798116, at *3 n.3 (S.D.N.Y. Dec. 19, 2022) (analyzing vacatur motion under the FAA instead of N.Y. C.P.L.R. Section 7511 because the underlying matters affected interstate commerce). In any event, Petitioner does not contest in its reply brief, and has therefore waived any opposition to Amazon's argument, that federal standards apply to the present motion to vacate and confirm the arbitration award. *See* Amazon Br. at 10 n.5; *see generally* Pet. Reply Br.; *Dreamtex, Inc. v. Alva Advance, LLC*, 2023 WL 5390998, at *2 (S.D.N.Y. Aug. 22, 2023) (finding that issue deemed waived where party failed to dispute or address contention by opposing party).

9

### A. Manifest Disregard of the Law

Petitioner argues that the Arbitrator's decision manifestly disregarded the law because the Arbitrator failed to find that Section 2 of the BSA, giving Amazon the right to retain two weeks of sales proceeds, is an unenforceable penalty clause. *See* Pet. Br. at 13. Petitioner relies on a two-part test under Washington law to determine whether a liquidated damages clause is enforceable: "First, the amount fixed must be a reasonable forecast of just compensation for the harm that is caused by the breach. Second, the harm must be such that it is incapable or very difficult of ascertainment." Pet Br. at 10 (emphasis omitted) (quoting *Watson v. Ingram*, 881 P.2d 247, 249 (Wash. 1994)).

There is no basis for this Court to find that the Arbitrator manifestly disregarded the law in concluding that Section 2 of the BSA is enforceable. Petitioner has not shown that the Arbitrator ignored clearly governing legal principles. *Westerbeke Corp.*, 304 F. 3d at 209. To the contrary, the Arbitrator applied the very legal standard pressed by Petitioner in evaluating whether Section 2 was an unenforceable penalty. *See* Award at 7. The Arbitrator found that "the harm caused by a seller engaging in review abuse in Amazon's store is very difficult, if not impossible, to quantify" because it impacts customer goodwill, and Amazon's brand and reputation. *Id.* The Arbitrator further concluded that withholding the seller's most recent fourteen days of accrued proceeds "is a reasonable forecast of the damage and appropriate compensation." *Id.* The Arbitrator also determined that Section 2 is not "procedurally or substantively unconscionable." *Id.* Thus, the Arbitrator did not manifestly disregard the law in reaching her conclusions. That Petitioner does not agree with the Arbitrator's assessment of the record (after applying the very law cited by Petitioner) is not a basis to vacate an arbitration award. If there is a "barely colorable justification" for the Arbitrator's findings, which the Court finds that there is, the award should not be vacated. *See Wallace v. Buttar*, 378 F.3d 182, 190

10

(2d Cir. 2004) (noting that an arbitral award "should be enforced, despite a court's disagreement with it on the merits, if there is a *barely colorable justification* for the outcome reached" (citation omitted)). As other courts have held in rejecting the same argument presented here, the Arbitrator's finding regarding the enforceability of Section 2 of the BSA does not mean that she "manifestly disregarded the law; it just means that [s]he disagreed with the Petitioner's position." *US Rising Star Inc. v. Amazon.com Servs. LLC*, No. 23-cv-00778 (CM), 2023 WL 6882337, at*3 (S.D.N.Y. Oct. 18, 2023).

Petitioner's reliance on a few arbitration awards that have reached different conclusions regarding the enforceability of Section 2 of the BSA does not justify vacatur of the award here. *See Shenzhen Lanteng Cyber Tech. Co.*, 2023 WL 6276691, at *8 (rejecting a claim that the arbitrator manifestly disregarded the law in finding that Section 2 of the BSA was not an unenforceable penalty despite the petitioner's reliance on other contrary arbitration awards); *US Rising Star Inc.,* 2023 WL 6882337, at *2 (rejecting petitioner's reliance on other arbitration decisions that found Section 2 of the BSA unenforceable because "[w]hat happened in other arbitrations is of absolutely no moment"). Indeed, the Arbitrator rejected the other arbitration decisions presented by Petitioner because Petitioner (then-Claimant) did not show that the facts were identical, nor that the law must be applied in the same way, especially since Petitioner "picked two decisions which allegedly supported its desired outcome while neglecting numerous other awards that enforce § 2 of the BSA Agreement and reject the same legal arguments Claimant advances here." Award at 7-8.

In sum, there is no basis to vacate the award due to manifest disregard of the law because Petitioner "has not shown that the arbitrator was aware of but ignored a clearly applicable governing legal principle." *Shenzhen Lanteng Cyber Tech. Co., Ltd.*, 2023 WL 6276691, at *8.

### B. "Complete Irrationality"

Petitioner also argues that the arbitration award should be vacated because it was "completely irrational" for the Arbitrator to find that Section 2 of the BSA is enforceable. Pet. Br. at 6-8. First, the Court rejects this argument because the Second Circuit has declined to recognize "complete irrationality" as a ground for vacatur under the FAA. *See Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007) (declining to adopt "completely irrational" argument as an appropriate basis for review of an arbitration award); *US Rising Star Inc.*, 2023 WL 6882337, at *2 (rejecting petitioner's claim that the arbitrator's decision regarding enforceability of Section 2 of the Amazon BSA was "completely irrational" as an improper ground for vacatur under federal law).

Second, even if examination under such a standard were appropriate, the Court has no basis to find that the Arbitrator's decision was completely irrational because the Arbitrator applied Petitioner's requested legal standard to the issue of Section 2's enforceability and made reasonable factual findings under this standard. Third, the case relied upon by Petitioner – *Briscoe Protective, LLC v. North Fork Surgery Center, LLC*, 188 N.Y.S.3d 113 (2d Dep't 2023) – is inapposite. In *Briscoe*, the Court held that the attorneys' fee award by an arbitrator was "irrational because it was not supported by any proof" given that no evidence was presented as to the hours worked, hourly rate, or an agreement to pay such fees. *Id*. at 116. This complete dearth of proof is in stark contrast to the present case where ample facts support the Arbitrator's finding that Section 2 is enforceable, including but not limited to those concerning the difficulty in ascertaining damages where reputational risk and goodwill are at issue.

### C. Violation of Public Policy

Finally, Petitioner argues that the Award should be vacated because Section 2 is an unenforceable penalty for which enforcement would violate the "strong public policy" of the

12

state of Washington.  Pet. Br. at 15.  The Court does not agree.

As a threshold matter, the initial portion of this discussion in Petitioner's brief argues that *Section 8* of the BSA – the section that limits Amazon's liability under the BSA to the "the total amounts during the prior six month period paid by [the seller] to Amazon in connection with the particular service giving rise to the claim" – is unenforceable because it violates Washington public policy.  BSA § 8; *see* Pet. Br. at 15-17.  Petitioner never raised a claim that Section 8 is unenforceable in its Petition seeking to vacate the arbitration award.  *See* Pet. at 13.  Nor did Petitioner contest Section 8 before the Arbitrator.  Instead, Petitioner acknowledged the provision and sought damages consistent with the clause for the amounts paid by Petitioner to Amazon "during the six months before Claimant's seller account was deactivated on June 19, 2021."  Magliery Decl., Ex. J at 16; *see id.* at 16-17, 31.  Thus, Petitioner has waived its claim under Section 8 of the BSA.  *See Shenzhen Lanteng Cyber Tech. Co., Ltd.*, 2023 WL 6276691, at *10 (finding that the petitioner waived claim that Amazon's BSA violated public policy because the petitioner failed to raise the issue with the arbitrator).

Moving to the actual section of the BSA that Petitioner has contested in the arbitration and here, Section 2, the Court does not agree with Petitioner's claim that the award should be vacated because this section violates public policy as an unenforceable penalty.  As stated previously, there is more than a "colorable justification" for the Arbitrator to have found that Section 2 is neither an unenforceable penalty nor substantively or procedurally unconscionable.

In addition, Petitioner's reliance on *Shaffer v. Amazon Services LLC*, No. 2:11-bk-28944, 2021 BL 53008 (Bankr. D. Ariz. Feb. 15, 2021) is misplaced.  This out-of-circuit bankruptcy decision addressed Section 8, not Section 2, of the BSA. The Court does not agree that *Shaffer*'s analysis of Section 8 "appl[ies] to Section 2," as Petitioner argues.  Pet. Br. at 17.  But, even if it

13

did, the *Shaffer* court applied the same legal standard as the Arbitrator here – namely, whether a liquidated damages clause was enforceable because the amount fixed was a reasonable forecast of just compensation for harm that was difficult to ascertain. *See* 2021 BL 53008 § V. Thus, Petitioner has made no showing that public policy requires vacatur of the award. *See US Rising Star Inc.*, 2023 WL 6882337, at *4 & n.3 (rejecting claim that arbitration award upholding enforceability of Section 2 of the BSA should be vacated on public policy grounds).

Petitioner concludes by suggesting that the mandatory arbitration clause in Section 18 of the BSA violates public policy and is unenforceable because it is part of Amazon's "strategy to control sellers." Pet. Br. at 18; *see id.* at 18-20. Petitioner has waived any such argument by its conduct in this action. As a signatory to the BSA, Petitioner submitted its claims against Amazon to arbitration on November 30, 2021. Pet. ¶ 29. The claims were thereafter litigated before the Arbitrator and a decision was rendered on January 23, 2023. *See id.* ¶ 30; Award. Petitioner cannot now complain about the enforceability of the arbitration clause pursuant to which it filed its claim with the AAA, under whose rules the Arbitrator determines arbitrability. Petitioner failed to raise any objection to arbitrability or the enforcement of Section 18 before the Arbitrator and, to the contrary, sought relief from the Arbitrator under Section 18 for an award of costs and fees. *See* Magliery Decl., Ex. J at 29; *Opals on Ice Lingerie v. Bodylines, Inc.*, 320 F.3d 362, 368 (2d Cir. 2003) ("[I]f a party participates in arbitration proceedings without making a timely objection to the submission of the dispute to arbitration, that party may be found to have waived its right to object to the arbitration."); *Herman Miller, Inc. v. Worth Cap., Inc.,* No. 98-7732, 1999 WL 132183 at *1 (2d Cir. Mar. 9, 1999) (summary order) (reiterating that "[a] party may be found to have waived its objection to arbitrability . . . if it has participated extensively in arbitration proceedings without asserting its objection in timely fashion"); *Halley Optical Corp.*

*v. Jagar Int'l Mktg. Corp.,* 752 F. Supp. 638, 639-40 (S.D.N.Y. 1990) (finding waiver where a party participated in the arbitration, lest the party could "participate in an arbitration, with the assurance that if it loses it may later challenge whether it had ever agreed to arbitration").

For all of these reasons, the Court finds no public policy ground to vacate the Award.

### D.  Amazon's Cross-Motion to Confirm

Amazon seeks to confirm the arbitration award under 9 U.S.C. Section 9.  *See generally* Mot. to Confirm.  "An arbitration award should be confirmed 'unless the award is vacated, modified, or corrected."  *Bogar v. Ameriprise Fin. Servs., Inc*., No. 16-cv-07199 (GHW), 2017 WL 1745566, at *4 (S.D.N.Y. May 4, 2017) (citation omitted).  Because there is no basis to vacate the award, Amazon's motion to confirm the award is granted.  *See US Rising Star Inc.,* 2023 WL 6882337, at *4 (confirming arbitration award finding Section 2 of the BSA to be enforceable because "[t]he arbitrator in this case addressed Petitioner's arguments and gave a colorable justification for the result he reached"); *Shenzhen Lanteng Cyber Tech. Co., Ltd*., 2023 WL 6276691, at *11 (confirming arbitration award in favor of Amazon with respect to Section 2 of the BSA because the petitioner "has not shown that any of the grounds for refusal . . . of the Award apply").

## CONCLUSION

For the reasons stated above, Petitioner's motion to vacate the January 23, 2023 arbitration award is DENIED and Amazon's cross-motion to confirm the arbitration award is GRANTED.  The Clerk of the Court is respectfully requested to terminate the motions at ECF Nos. 26 and 29 and close this case.

Dated: November 7, 2023
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge