UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHENZHEN ZONGHENG DOMAIN
NETWORK CO., LTD.,

                              Petitioner,

            -against-

AMAZON.COM SERVICES LLC and
AMAZON.COM, INC.,

                              Respondents.

Case No. 1:23-cv-03334 (JLR)

**MEMORANDUM
OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Shenzhen Zongheng Domain Network Co., Ltd. ("Petitioner") moves for reconsideration

of *Shenzhen Zongheng Domain Network Co. v. Amazon.com Services LLC* ("*Shenzhen II*"), No.

23-cv-0334 (JLR), 2023 WL 7327140 (S.D.N.Y. Nov. 7, 2023), in which the Court confirmed an

arbitration award in favor of respondents Amazon.com Services LLC and Amazon.Com, Inc.

(together, "Amazon").  Amazon now seeks sanctions against Petitioner for filing a purportedly

frivolous motion to remand the case to state court.  For the reasons stated below, the Court

denies both motions.

## BACKGROUND

The Court generally assumes the parties' familiarity with Petitioner's allegations and the

procedural history, as recounted in *Shenzhen II*, and discusses only those details necessary to

explain its decision here.  *See id.* at *1-3.

Petitioner, a Chinese corporation, was a third-party seller on Amazon.com beginning in

March 2017.  ECF No. 1-1 ("Pet.") ¶¶ 1, 20.  On June 19, 2021, Amazon accused Petitioner of

manipulating customer reviews and deactivated Petitioner's accounts, seizing Petitioner's entire

sales proceeds of $507,618.92.  *Id.* ¶¶ 22, 26.  Pursuant to the arbitration clause in its contract with Amazon, Petitioner filed an arbitration demand with the American Arbitration Association (the "AAA"), seeking the release of its proceeds.  *Id.* ¶ 29.  On January 23, 2023, the arbitrator denied Petitioner's claims and allowed Amazon to keep Petitioner's funds.  *Id.* ¶ 30.

On March 21, 2023, Petitioner filed a petition in New York Supreme Court to vacate the arbitration award.  *See generally id.*  Amazon removed the action to this Court on April 20, 2023.  *See* ECF No. 1 (notice of removal).  Petitioner moved to remand the case to state court.  ECF No. 10.  The Court denied the motion on August 4, 2023.  *Shenzhen Zongheng Domain Network Co. v. Amazon.com Servs. LLC* ("*Shenzhen I*"), No. 23-cv-03334 (JLR), 2023 WL 4993662, at *6 (S.D.N.Y. Aug. 4, 2023).

Petitioner also moved to vacate the arbitration award, and Amazon cross-moved to confirm the award.  ECF Nos. 27, 29, 31-33.  On November 7, 2023, the Court denied Petitioner's motion to vacate the arbitration award and granted Amazon's cross-motion to confirm the award.  *Shenzhen II*, 2023 WL 7327140, at *1.

On November 20, 2023, Petitioner moved for reconsideration of *Shenzhen II*.  ECF Nos. 39 ("Recon. Br."), 44 ("Recon. Reply").  Amazon opposes the motion.  ECF Nos. 43 ("Recon. Opp."), 46; *see* ECF Nos. 45, 47, 60 (notices of supplemental authority).  On January 11, 2024, Amazon moved for sanctions against Petitioner's counsel under Federal Rule of Civil Procedure ("Rule") 11.[1]  ECF Nos. 50 ("Sanctions Br."), 55 ("Sanctions Reply").  Petitioner and its counsel oppose the motion.  ECF Nos. 53 ("Sanctions Opp."), 58 (sur-reply).

**DISCUSSION**

---

[1] On May 19, 2023, Amazon's counsel served Petitioner's counsel with its intended Rule 11 motion.  ECF No. 49 ¶ 14; *see* ECF Nos. 51-52.  Petitioner did not withdraw its motion to remand.

The Court first analyzes Petitioner's motion for reconsideration before addressing

Amazon's motion for Rule 11 sanctions.

## I.        Petitioner's Motion for Reconsideration

Under Rule 60(b)(2), a party may seek relief from a final order or judgment based on

"newly discovered evidence that, with reasonable diligence, could not have been discovered in

time to move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b)(2); *see Mirlis v. Greer*,

952 F.3d 36, 50 (2d Cir. 2020).  To prevail on such a motion:

> The movant must demonstrate that (1) the newly discovered
> evidence was of facts that existed at the time of trial or other
> dispositive proceeding, (2) the movant must have been justifiably
> ignorant of them despite due diligence, (3) the evidence must be
> admissible and of such importance that it probably would have
> changed the outcome, and (4) the evidence must not be merely
> cumulative or impeaching.

*Greer*, 952 F.3d at 50 (brackets omitted) (quoting *United States v. Int'l Bhd. of Teamsters*, 247

F.3d 370, 392 (2d Cir. 2001)).

"A motion for reconsideration is an extraordinary request that is granted only in rare

circumstances."  *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019).  Such a

motion "is not a vehicle for relitigating old issues, presenting the case under new theories,

securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical*

*Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation marks and citation

omitted).  The standard for granting such a motion under Rule 60(b) is strict, and

"reconsideration will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked – matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court."  *Van Buskirk*, 935 F.3d at 54 (citation

omitted).  Whether to grant a motion for reconsideration is within "the sound discretion of the

district court."  *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

Petitioner claims to have discovered "around the first week of November 2023" that the arbitrator who issued the award failed to disclose that she had previously ruled in favor of Amazon in a 2020 case (the "2020 Ruling") involving the same legal issues. Recon. Br. at 5. Although the arbitrator disclosed that she had served as an arbitrator in two matters involving Amazon, Petitioner did not object to the arbitrator's appointment. *Id.* at 8-9. Petitioner says it learned of the 2020 Ruling from "public court filing documents" when researching Second Circuit caselaw on denied vacatur petitions. *Id.* at 9-10.

Assuming without deciding that Petitioner was justifiably ignorant of the "newly discovered evidence," the Court concludes that this evidence would not have changed the outcome of the arbitrator's decision. *See Greer*, 952 F.3d at 50. Under the Federal Arbitration Act, a district court may vacate an arbitration award "where there was evident partiality or corruption in the arbitrators, or either of them." 9 U.S.C. § 10(a)(2). "Evident partiality may be found only where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 64 (2d Cir. 2012) (quotation marks and citation omitted). "It is the materiality of the undisclosed conflict that drives a finding of evident partiality, not the failure to disclose or investigate *per se*." *Certain Underwriting Members of Lloyds of London v. Florida*, 892 F.3d 501, 506 (2d. Cir. 2018) (brackets, quotation marks, and citation omitted). "The party seeking vacatur must prove evident partiality by clear and convincing evidence." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 548 (2d Cir. 2016) (quotation marks and citation omitted).

Petitioner cites no evidence of any undisclosed conflict, relationship, or interest in the outcome of the arbitration by the arbitrator, arguing only that the arbitrator previously found for

4

Amazon in her 2020 Ruling.  *See Scandinavian*, 668 F.3d at 74 (listing "a family connection or ongoing business arrangement with a party or its law firm" as examples of a "material relationship with a party").  But "arbitral service," on its own, does not demonstrate partiality. *Id.*; *see id.* at 75 ("[T]he fact that one party loses at arbitration does not, without more, tend to prove that an arbitrator's failure to disclose some perhaps disclosable information should be interpreted as showing bias against the losing party.  We have repeatedly said that adverse rulings alone rarely evidence partiality, whether those adverse rulings are made by arbitrators or by judges." (citations omitted)).  That the arbitrator decided another arbitration in Amazon's favor, even "in a similar factual context," is insufficient as a matter of law to establish her partiality.  Recon. Reply at 8 (emphasis omitted).

Petitioner suggests that the arbitrator's 2020 Ruling, together with her failure to disclose that ruling, is evidence of her partiality.  *Id.* at 9-10.  Yet Petitioner ignores the fact that AAA arbitration proceedings are private.  The AAA Rules provide that "[u]nless otherwise required by applicable law, court order, or the parties' agreement, the AAA and the arbitrator shall keep confidential all matters relating to the arbitration or the award." Am. Arb. Ass'n, *Commercial Arbitration Rules and Mediation Procedures*, R-45(a) (Sept. 1, 2022), https://www.adr.org/ sites/default/files/Commercial-Rules_Web.pdf [https://perma.cc/W6LC-NKLX]; *see also* Am. Arb. Ass'n, *The Code of Ethics for Arbitrators in Commercial Disputes*, Canon VI.B (Mar. 1, 2004), https://www.adr.org/sites/default/files/document_repository/Commercial_Code_of_ Ethics_for_Arbitrators_2010_10_14.pdf [https://perma.cc/954R-HVLG] ("The arbitrator should keep confidential all matters relating to the arbitration proceedings and decision.").  Petitioner cannot fault the arbitrator for failing to disclose her earlier 2020 Ruling where she had an

obligation not to describe her decision in that matter.  Therefore, the Court denies Petitioner's

motion for reconsideration of *Shenzhen II*.

## II.      Amazon's Motion for Sanctions

Amazon seeks sanctions against Petitioner's counsel for filing a motion to remand that

Amazon claims was frivolous.  Sanctions Br. at 1.  Under Rule 11, a court may sanction an

attorney for, among other things, making frivolous legal arguments and claims.  Fed. R. Civ.

P. 11(b)(2), (c)(1).  As relevant here, Rule 11(b)(2) requires that "legal contentions [be]

warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing

existing law or for establishing new law."  It "establishes an objective standard, intended to

eliminate any 'empty-head pure-heart' justification for patently frivolous arguments."  *Simon

DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 167 (2d Cir. 1999) (quoting

Rule 11 advisory committee note to 1993 amendments).  "Merely incorrect legal statements are

not sanctionable under Rule 11(b)(2)."  *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 391 (2d

Cir. 2003) (Sotomayor, J.).  "The fact that a legal theory is a long-shot does not necessarily mean

it is sanctionable."  *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011).  "The operative

question is whether the argument is frivolous, i.e., the legal position has no chance of success,

and there is no reasonable argument to extend, modify[,] or reverse the law as it stands."  *Id.*

(quotation marks and citation omitted); *see Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy &

Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012) (per curiam) (Rule 11 standard "is

objective unreasonableness and is not based on the subjective beliefs of the person making the

statement" (citation omitted)).

Amazon contends that sanctions are warranted because Petitioner's motion ignored

binding Second Circuit authority that foreclosed its argument as to federal-question jurisdiction.

Sanctions Br. at 9.  To Amazon, *Scandinavian* plainly refuted Petitioner's argument that its

arbitration dispute was "domestic" and thus did not fall under the Convention on the Recognition

and Enforcement of Foreign Arbitral Awards (the "New York Convention").  668 F.3d at 71

("The New York Convention applies in this case because Scandinavian is a foreign

corporation."); *see* Sanctions Br. at 9-10.  Amazon adds that Petitioner's counsel had

acknowledged *Scandinavian*'s holding during a pre-motion conference with another court in this

District and opted not to file a motion to remand in that case, only to submit a motion in this

Court with no mention of *Scandinavian*.  Sanctions Br. at 5-8 (citing ECF No. 49-8).

Amazon's arguments are not entirely without force.  Petitioner's counsel has moved to

remand in at least three similar cases in this District and has lost each such motion on the ground

that a party to the arbitration at issue is a foreign entity.  *Longyan Junkai Info. Tech. Co. v.*

*Amazon.com Servs. LLC*, No. 23-cv-04869 (JGK), 2023 WL 8602839, at *4 (S.D.N.Y. Dec. 12,

2023); Order, *Cowin Tech. Co. v. Amazon.com Servs., LLC*, No. 23-cv-03054 (ALC) (S.D.N.Y.

Sept. 13, 2023), ECF No. 25; *Jiakeshu Tech. Ltd. v. Amazon.com Servs., LLC*, No. 22-cv-10119

(RA), 2023 WL 4106275, at *3 (S.D.N.Y. June 21, 2023).  Nevertheless, courts maintain a

"purposefully high" bar for establishing a Rule 11 violation "so as not to stifle legal creativity

and zealous advocacy."  *City of Perry v. Procter & Gamble Co.*, No. 15-cv-08051 (JMF), 2017

WL 2656250, at *2 (S.D.N.Y. June 20, 2017); *see Park v. Seoul Broad. Sys. Co.*, No. 05-cv-

08956 (BSJ), 2008 WL 619034, at *1 (S.D.N.Y. Mar. 6, 2008) ("Courts have cautioned litigants

that Rule 11 sanctions are reserved for extraordinary circumstances.").  Indeed, sanctions are

appropriate only where "it should have been patently obvious to any attorney who had

familiarized himself with the law" that the action was frivolous.  *Four Keys Leasing & Maint.*

*Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988); *see Healey v. Chelsea Res., Ltd.*, 947 F.2d

611, 626 (2d Cir. 1991) ("Rule 11 targets situations where it is patently clear that a claim has

absolutely no chance of success." (quotation marks and citation omitted)).  Even then, courts have wide discretion in deciding when sanctions are appropriate.  *See Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004) ("Even if the district court concludes that the assertion of a given claim violates Rule 11, however, the decision whether or not to impose sanctions is a matter for the court's discretion.").

Given this high standard, the Court concludes that sanctions are not warranted.  The strongest argument for sanctions is the colloquy during a pre-motion conference between Petitioner's counsel and another judge in this District as to the court's subject-matter jurisdiction over a similarly situated case.  *See* ECF No. 49-8 at 16:14-25:18.  Yet the Court will not infer from the Petitioner's decision not to file a remand motion in that case that "it should have been patently obvious to any attorney who had familiarized himself with the law" that the remand motion in this case was frivolous.  *Four Keys Leasing*, 849 F.2d at 773.  Petitioner's argument as to the domestic nature of the arbitration award at issue, as well as its reliance on the Supreme Court's recent decision in *Badgerow v. Walters*, 596 U.S. 1 (2022), may have been wrong and ultimately unsuccessful, but it was not patently frivolous and sanctionable at the time it was made.  *Badgerow* was decided after the Second Circuit's decision in *Scandanavian*, and at the time that Petitioner filed its remand motion in this case, no court in this District had yet ruled on and denied the remand motions filed elsewhere by Petitioner's counsel.

Therefore, the Court declines to impose sanctions and denies Amazon's motion.  Nevertheless, Petitioner's counsel is warned that if she continues to file additional motions of this nature in similar cases, sanctions may well be appropriate.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration is DENIED.

8

Amazon's motion for sanctions is DENIED.  The Clerk of Court is respectfully directed to

terminate the motions at ECF Nos. 38 and 48.

Dated:  May 1, 2024
        New York, New York

                                                    SO ORDERED.

                                                    _____
                                                    JENNIFER L. ROCHON
                                                    United States District Judge

9